IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINA L. ANGELI,

    Plaintiff,                                No. CIV S-06-2592 EFB

    vs.

MICHAEL J. ASTRUE,                    <u>ORDER</u>
Commissioner of Social Security,

    Defendants.
_____/

Plaintiff moves for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Plaintiff seeks an award of $12,728.21, for a total of 73.55 hours of work, based on the following division of hours and rates: 3.1 hours at $161.85 per hour (2006 rates), and 73.45 hours at $166.46 per hour (2007 rates).[1] Defendant contends that the number of hours requested is excessive, and seeks a reduction of hours resulting in a total EAJA award of $5,029.43. For the reasons that follow, the court makes an award of $9,423.00.

---

[1] EAJA rates are based on a threshold of $125 per hour, plus cost-of-living adjustments. *See* 28 U.S.C. § 2412(d)(2)(A)(ii); *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001); *Thangaraja v. Gonzales*, 428 F.3d 870, 876-877 (9th Cir. 2005). Plaintiff's request conforms with the annual statutory maximum hourly rates for EAJA awards published by the Ninth Circuit. *See* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.
Plaintiff seeks 2007 rates for services performed in both 2007 and 2008 (only 2.6 hours of work were performed in 2008). *See* Plaintiff's Memorandum, Dckt. No. 23, at p. 1, n. 2; Brewer Declaration, Dckt. No. 23-2, at p. 2, n. 1; Billing Record, Dckt. No. 23-3, at pp. 1-2.

1

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Flores v. Shalala*, 49 F.3d 562, 568-69 (9th Cir. 1995). An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. §405(g), as here, is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 301-302 (1993).

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). "A district court has wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers, but it must provide enough of an explanation to allow for meaningful review of the fee award." *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001). Factors to be considered include whether the hours claimed are adequately documented, without evidencing "duplicative efforts" or "excessive staffing," and whether the hours were "reasonably expended" in light of the outcome of the action, that is, whether hours claimed improperly include time "expended on unrelated, unsuccessful claims."[2] *Id.* at 1146-1147. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The Commissioner does not argue that its position was substantially justified, only that plaintiff's fee request is unreasonable.[3] Defendant initially and accurately notes that plaintiff's billing records demonstrate 73.35 hours work performed in 2007/2008, rather than 73.45 hours

---

[2] However, as recognized by the Supreme Court, "there is no certain method of determining when claims are 'related' or 'unrelated;'" rather, it is the responsibility of counsel to "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 437, n. 12 and related text (1983).

[3] While plaintiff did not file a reply to the Commissioner's opposition, counsel explained in her initial motion that the administrative record is 770 pages, resulting in a 59-page summary judgment motion. Dckt. No. 23, at p. 5.

set forth in plaintiff's memorandum. *See* Defendant's Memorandum, Dckt. No. 24, at p. 3; Billing Record, Dckt. No. 23-3, at pp. 1-2; Plaintiff's Memorandum, Dckt. No. 23, at p. 1. Thus, plaintiff's billing records demonstrate $12,711.58 in requested fees, rather than $12,728.21.

The Commissioner more broadly contends that this case presented "routine" and "somewhat duplicative" issues, only one of which was successful, and thus it was unreasonable for plaintiff's counsel to spend a total of 69.75 hours ("approximately 8.5 work days") preparing the summary judgment motion which contained "duplicative [and] unnecessarily long" arguments. Dckt. No. 24, at pp. 3, 4. The Commissioner argues that plaintiff's billing record reflects 16.5 hours reviewing the administrative record (Dckt. No. 23-3, Entries 7/27/07 and 7/28/07), and 53.25 hours drafting the summary judgment motion (id., Entries 7/29/07 through 8/3/07). (The court analyzes these hours somewhat differently; *see* discussion *infra*.) The Commissioner seeks a total reduction to 24 compensable hours for preparing the summary judgment motion. The Commissioner also seeks a reduction of .5 hour from plaintiff's 1.0 hour request for preparing the EAJA motion.

The court finds excessive the 47.25 hours plaintiff's counsel spent in reviewing the medical record and plaintiff's testimony, and summarizing these for the court. *See* Pl.'s Mot. for Summ. J., Dckt. No. 17, at pp. 7-41 (26-page summary of the medical evidence, 8-page summary of plaintiff's testimony); *see also*, Billing Record, Dckt. No. 23-3, at p. 1 (Entries dated 7/27/07 through 7/31/07). The court acknowledges that the administrative record is 770 pages in length, and that plaintiff must undertake the thorough review presented in her 34-page summary. However, a lengthy threshold summary of the evidence, particularly a 34-page summary, is not the most effective utilization of attorney services (rather, preparation of an unanalyzed summary of the evidence may properly be delegated to a legal assistant), or the court's review. It is significantly more helpful to the court if this evidence is presented in an initial succinct summary, followed by details and citations presented in the context of plaintiff's factual and

legal contentions. This is particularly so with a longer record. Since the court is also tasked with reviewing the record, particularized referencing is the most helpful. For these reasons, the court finds it appropriate to reduce by 33% the hours counsel spent in reviewing and summarizing the administrative record. The resulting number of compensable hours for reviewing and summarizing the record is 31.5 (a reduction of 15.75 hours).

Next, review of plaintiff's motion for summary judgment and the court's order demonstrates that neither of plaintiff's first two arguments warranted extensive briefing. The first argument was that the ALJ failed to consider the "overwhelming majority of Ms. Angeli's severe impairments" in his step-two severity analysis. Dckt. No. 17, at p. 43. As the court stated in its order, "plaintiff's argument ignores the function of step two as a gatekeeping mechanism to dispose of groundless claims. Once a plaintiff prevails at step two, regardless of which condition is found to be severe, the Commissioner proceeds with the sequential evaluation, considering at each step all other alleged impairments and symptoms that may impact her ability to work. *See* 42 U.S.C. § 423(d)(2)(B). Here, plaintiff prevailed at step two." Order, Dckt. No. 21, at p. 6. Thus, the court finds that plaintiff's fee award should not include time expended on briefing this matter, which the court estimates at 2 hours based on review of counsel's billing record.[4]

Plaintiff's second argument was that the ALJ failed properly to evaluate and find that plaintiff's heart condition met the criteria for Listing 4.08 (Cardiomyopathies). The court found that plaintiff met the first part of Listing 4.08 (impaired myocardial function), but not the second part, because she was diagnosed with non-ischemic rather than ischemic cardiomyopathy. *See* Dckt. No. 21, at p. 8. The court noted that "[p]laintiff does not argue that her cardiomyopathy otherwise equals a listing," and found, therefore, that "there was no error at step three of the

---

[4] Review of counsel's billing record indicates that on August 1, 2007, counsel drafted Arguments I, II, and III, within a period of 8.5 hours. Argument III is the more complex of these.

4

analysis." *Id.* This contention, like the previous contention, was essentially superfluous. Thus, the court finds that plaintiff's fee award should not include time expended on briefing this matter, which the court also estimates at 2 hours based on review of counsel's billing record. *See* n. 4, *supra*.

The remainder of time devoted to the preparation of plaintiff's summary judgment motion – 18.5 hours – fairly reflects the detailed and persuasive argument in support of plaintiff's successful Step-Four claim. Plaintiff's subsequent Step-Five argument was prudently made in the alternative.

The Commissioner asks the court to compare the instant fee request with the fee award authorized in *Patterson v. Apfel*, 99 F. Supp.2d 1212 (C.D. Cal. 2000). The comparison is unhelpful. The *Patterson* court approved the request of plaintiff's counsel for an award reflecting 33.75 hours litigating the merits of that case. While noting that the case "raised some issues that are not routine (for example, issues regarding the effect of plaintiff's suicide, and of the weight, if any, to be accorded his counselor's notes)," *id*. at 1213, the court also noted that the appropriateness of every fee motion turns on the particulars of each case. *See Shinn v. Astrue*, 2008 WL 2073980, *5 (E.D. Cal.2008), citing *Patterson* for this principle ("given the fact-intensive nature of Social Security cases and the variety of facts in each case, the normative amount decided by other courts at different times is neither determinative nor particularly persuasive. *Patterson*, 99 F.Supp.2d at 1213 ('Social Security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail')." Fee motions are necessarily case-specific, as demonstrated by the cases cited by *Patterson* approved fee motions reflecting 28.8 to 54.5 hours of service. *Patterson*, 99 F. Supp.2d at 1214-1215, n. 2.

Finally, the Commissioner seeks a reduction of .5 hour from plaintiff's 1.0 hour request for preparing the EAJA motion, citing *Durett v. Cohen*, 790 F.2d 360, 363 (3d Cir. 1986), for the general proposition that a reduction in a fee request warrants a corresponding reduction of fees

5

incurred in pursuing the fee motion. *Durett*, an action pursuant to the Rehabilitation Act and 42 U.S.C. § 1983, is inapposite; the single hour claimed in the instant case cannot reasonably be compared to the more than 55 hours claimed in *Durett* for pursuing the fee petition therein.[5] Moreover, this court has found only one citation to *Durett* within the Ninth Circuit, and does not find its reasoning persuasive.[6] It is entirely reasonable for counsel to claim one hour of time for drafting and proofing the instant fee petition, particularized to the instant case, including review of the billing record and updating her declaration. *See* Fee Motion, Dckt. No. 23, and attachments. The court will not, therefore, reduce the compensable time for filing the instant petition.

In summary, the court will reduce by 19.75 hours the compensable hours requested by plaintiff's counsel at 2007 rates. The resulting EAJA award is $9,423.00 (3.1 hours at $161.85 per hour ($501.74), and 53.6 hours at $166.46 per hour ($8922.26)).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1) (Dckt. No. 23), is GRANTED;

---

[5] Counsel in *Durett* sought compensation for 252.10 hours of work on the merits, and 55.5 hours work on the fee petition. The appeals court affirmed the district court's reduction of the fee award by 75%, and remanded for consideration of the appropriate reduction that should be made in the hours claimed for work on the fee petition. Relying on the rationale of *Hensley v. Eckerhart*, 461 U.S. 424 (1983), "which was intended to insure the award of a reasonable fee in light of the results obtained [and] applied equally to fees generated in the litigation of a fee petition," the *Durett* court reasoned, "[w]hile we do not suggest that the fee petition work must always be reduced by a percentage corresponding to the reduction of the fees for work on the merits, *Institutionalized Juveniles* [*Institutionalized Juveniles v. Secretary of Public Welfare*, 758 F.2d 897 (3d Cir.1985)] suggests that in the ordinary circumstances some reduction is appropriate." *Durett,* 790 F.2d at 363.

[6] In *Hasel v. Astrue*, 2009 WL 1066138 (D. Ariz. 2009), the district court agreed with the Commissioner's reliance on *Durett,* and reduced counsel's compensable hours in pursuing the fee petition from 1.5 hours to .75 hours, after reducing the main fee award by 4.6 hours for a total of 31 compensable hours. However, the *Hasel* court's reasoning associated with the fee petition was mixed – the .75 hour reduction represented only .25 hour based on the *Durett* rationale ("as the reduction in hours claimed made by the Court is relatively small, the Court concludes that only a 0.25 hour reduction is warranted," *Hasel*, 2009 WL 1066138, *5).

2. Plaintiff shall be awarded $9,423.00; and

3. Said award shall be made payable to plaintiff's counsel, pursuant to the agreement between plaintiff and her attorney.

SO ORDERED.

DATED: November 13, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE